IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CHARLOTTE JEAN KLISZ,

        Plaintiff,

  v.                                   Civil Action No.
                                       5:14-CV-1307 (DEP)

CAROLYN A. COLVIN, Acting Commissioner
  of Social Security,

        Defendant.

_____

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP          PAUL EAGLIN, ESQ.
300 S. State Street
5th Floor, Suite 520
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN    KRISTINA D. COHN, ESQ.
United States Attorney           Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on July 2, 2015, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   July 9, 2015
         Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------x
CHARLOTTE JEAN KLISZ,

                    Plaintiff,

vs.                                 14-CV-1307

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------x
```

*DECISION* – July 2, 2015

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES,

United States Magistrate-Judge, Presiding

A P P E A R A N C E S (by telephone)

For Plaintiff:     OLINSKY LAW GROUP
                   Attorneys at Law
                   300 South State Street
                   Syracuse, New York 13202
                     BY:  PAUL B. EAGLIN, ESQ.

For Defendant:     SOCIAL SECURITY ADMINISTRATION
                   Office of Regional General Counsel
                   26 Federal Plaza
                   New York, New York 10278
                     BY:  KRISTINA D. COHN, ESQ.

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1      THE COURT: I have before me a request for review
2 under 42, United States Code, Section 405(g) of a partially
3 unfavorable decision of the Commissioner. The decision, of
4 course, is based on a decision by an Administrative Law
5 Judge.
6      The background is as follows. Plaintiff was born
7 in March of 1964 and is currently 51 years old. She was 49
8 years old at the time of the hearing. She is 5-foot 2-inches
9 in height and weighs 165 pounds and qualifies as obese. The
10 plaintiff lives in Syracuse with her 25-year-old son. She
11 completed ninth grade and has had some job corps training.
12      In the past the plaintiff has worked as a line
13 worker to November of 2007. She claims she can no longer
14 perform in that position; she has difficulty using her hands,
15 sitting, standing and moving her hands. The plaintiff
16 suffers from degenerative disc disease at the cervical and
17 lumbar levels, COPD, type 2 diabetes, which is controlled,
18 hypertension, and dyslipidemia, which is controlled, and
19 GERD. She treats generally with the Syracuse Community
20 Health Center, and in addition treated for her cervical
21 condition with Upstate Orthopedics. She underwent fusion
22 surgery at the cervical level on June 5, 2012.
23      Procedurally the plaintiff applied for Supplemental
24 Security Income payments, or SSI, on May 30, 2012, alleging
25 an onset date of November 1, 2007. She had a prior

1    application for both SSI and Disability Insurance Benefits
2    from October 2009, which was denied in December of 2009.  The
3    Administrative Law Judge denied reopening that prior
4    proceeding.  A hearing was conducted by Administrative Law
5    Judge John Lischak on October 28, 2013.
6            ALJ Lischak issued a decision on March 10, 2014.
7    The decision became a final determination of the agency when
8    on August 23, 2014 the Social Security Administration Appeals
9    Council denied plaintiff's request for review.  The
10   Administrative Law Judge's decision is fairly
11   straightforward.  He applied the familiar five-step test for
12   determining disability.
13           At Step One he found that the plaintiff had not
14   engaged in substantial gainful activity.
15           At Step Two he found that she suffers from several
16   severe conditions, including degenerative disc disease with
17   spinal canal stenosis, having undergone a fusion, COPD,
18   diabetes and obesity.
19           At Step Three the Administrative Law Judge reviewed
20   the listed presumptively disabling conditions set forth in
21   the regulations that could apply and rejected those listings,
22   including listing 1.04, 3.02 and 9.00.  He also noted that
23   there is no longer any listing for obesity but he did follow
24   SSR 02-1p and considered any limitations associated with the
25   obesity.

1         He then surveyed the available evidence and
2    determined that the plaintiff has the residual functional
3    capacity to perform sedentary work as defined by regulation.
4    The claimant additionally is able to occasionally climb,
5    balance, stoop, kneel, crouch and crawl, but must avoid
6    concentrated exposure to respiratory irritants such as fumes,
7    odors, dust and gases.  The ALJ concluded that plaintiff is
8    unable to perform the past relevant work based on the
9    exertional requirements.
10        And at Step Five applied the grids, and in
11   particular Rule 201.19, to conclude that until she turned 50
12   on March 8, just the day before her 50th birthday, March 8,
13   2014, was not disabled.
14        As you know, my task is extremely limited.  I am to
15   determine whether the Commissioner's determination is
16   supported by substantial evidence and results from the proper
17   application of legal principles.  The term substantial
18   evidence means such relevant evidence as a reasonable mind
19   might accept as adequate to support a conclusion.
20        The first argument raised is that the
21   Administrative Law Judge's RFC determination is not
22   supported.  As I noted, there do not appear to be any
23   treating source statements that contradict plaintiff's
24   ability to perform the requirements of sedentary work, which
25   are defined by regulation as, "Lifting no more than 10 pounds

1  at a time and occasionally lifting or carrying articles like
2  docket files, ledgers and small tools."  The regulations go
3  on to state that, "Although a sedentary job is defined as one
4  which involves sitting, a certain amount of walking and
5  standing is often necessary in carrying out job duties.  Jobs
6  are sedentary if walking and standing are required
7  occasionally and other sedentary criteria are met."  That
8  regulation is at 20CFR Section 404.1567(a).
9      So what we're left with is competing evidence
10 potentially, and I'm not sure that I would characterize it as
11 competing.  I agree that Dr. Ganesh stated that the plaintiff
12 has severe limitations in the areas of lifting, carrying and
13 so forth.  I don't necessarily view those -- certainly there
14 is some ambiguity, but I'm not sure that that would be
15 inconsistent with sedentary, the lowest exertional point, but
16 certainly consistent with the evidence from Dr. Cross who set
17 forth the limitations that are totally consistent with
18 sedentary work, and Dr. Fuchs, although Dr. Fuchs opined that
19 the plaintiff could actually perform light work.
20     This case is not like *Bender*, which is a case that
21 was cited by the plaintiff.  In that case the Administrative
22 Law Judge set aside the opinions of two consulting examiners
23 in favor of a non-examining consultant.  I think this is a
24 different situation here because I don't think that
25 Dr. Ganesh's, who was the examining, is squarely contrary to

1  the non-examining.

2  I note also that I reviewed very carefully, as I
3  said before, the medical data from particularly the Syracuse
4  Community Health Center, and I did look at the period going
5  back to October 2010, very little even then reference to
6  acute distress.  January 18, 2011 at page 233, "no acute
7  distress, some tenderness."  March 10, 2011, "doing well on
8  meds."  That's at 231.  May 26, 2011, "back pain, referred to
9  pain clinic."  That's at 230.  July 12, 2011, six weeks
10 later, at 229, "no complaints."  November 8, 2011,
11 "tenderness."  That's at 227.  November 23, 2011, "no
12 complaints."  That's at 226.  April 2, 2012, that's at 222,
13 "no acute distress, tenderness noted."

14 She underwent surgery in June of 2012.  The notes
15 of visits to the Syracuse Community Health Center from
16 April 3, 2012 through June 5, 2013, that's at 303 to 336,
17 literally have no mention of complaints of neck, back or
18 hands with the exception of 332, which is a May 21, 2012
19 visit when she was cleared for surgery.  So we have really no
20 conflicting evidence, no squarely conflicting evidence, and
21 no evidence of any treating source that suggests limitation
22 greater than sedentary work.

23 In terms of credibility, obviously, the subjective
24 complaints alone are insufficient.  The Commissioner must go
25 through the two-step process, which ALJ Lischak did.  And he

1  reviewed daily activities, which one month after surgery
2  seemed to be fairly robust.  He looked at X-rays when it came
3  to the hand, that were negative.  He looked at the fact that
4  Dr. Ganesh indicated full grip strength and 5/5 dexterity,
5  5/5 grip strength and dexterity intact, at 288.  There was no
6  indication of any hand issue.  There just doesn't seem to be
7  any support of a limiting condition beyond sedentary.
8           So then we come to Step Five, and under SSR 8314
9  and SSR 8515 the need to avoid excessive exposure to
10 irritants has only a minimal impact on the job base on which
11 grids are predicated.  This is different than *Thomas*, a case
12 cited by the plaintiff, where the RFC indicated that the
13 claimant was limited to no exposure to respiratory irritants.
14 Clearly, vocational testimony would be required in that
15 situation.  Here we don't have that.  We have must "avoid
16 concentrated exposure to respiratory irritants."
17          So, I conclude that the Administrative Law Judge's
18 determination is supported by substantial evidence resulted
19 from the application of proper legal principles, and,
20 therefore, will grant judgment on the pleadings to the
21 defendant.
22          Thank you both and I hope you have a good Fourth of
23 July weekend.
24          MS. COHN:  Thank you, Your Honor.
25                *              *           *

C E R T I F I C A T I O N

      I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

                                              _____

                                              EILEEN MCDONOUGH, RPR, CRR
                                              Federal Official Court Reporter